UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | Case No. 16-cv-00771-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND REMANDING CASE**<br><br>Docket Nos. 15, 17 |

## I. INTRODUCTION

On February 24, 2012, Plaintiff Lena Baker applied for Supplemental Security Income (SSI) benefits, alleging an inability to work due to various mental conditions, including bipolar disorder, post traumatic distress disorder ("PTSD"), and depression, and physical injuries to her left arm and leg.[1]  AR 65, 82, 153, 203.  She alleged a disability onset date of October 31, 2006.  AR 199, 203.  The Social Security Administration ("SSA") denied Ms. Baker's claim initially and then upon reconsideration.  AR 93-97, 99-102.  Subsequently, Ms. Baker requested review before an administrative law judge ("ALJ"), who held a hearing on May 27, 2014.  AR 104-06, 120.  Following the hearing, the ALJ denied Ms. Baker's claim in a written decision dated July 22, 2014.  AR 28.  Ms. Baker appealed the ALJ's decision to the SSA Appeals Council.  AR 16-27.  On December 18, 2015 the Appeals Council denied Ms. Baker's petition for review.  AR 1-4.  Ms.

---

[1] Although there are documents in the administrative record indicating that Ms. Baker applied for benefits on March 16, 2012, *see* AR 153, the ALJ stated in his decision that the date of application was in fact February 24, 2012.  This is supported by the "Disability Determination and Transmittal," which states the filing date of Baker's application as February 24, 2012.  AR 64.  The government's brief states the application date is March 16, 2012.  For purposes of this order, this discrepancy is immaterial.

1  Baker thereafter sought judicial review in this Court.

2  Currently pending before the Court are the parties' cross-motions for summary judgment.
3  The motions address a number of issues – *e.g.*, whether the ALJ properly weighed the medical
4  evidence; whether the ALJ improperly discounted Ms. Baker's credibility; whether the ALJ's step
5  three analysis was correct; and whether the ALJ's residual functional capacity ("RFC")
6  determination was on point.[2]  For purposes of this decision, however, the Court need only address
7  one issue raised by Ms. Baker, more specifically, whether the Appeals Council improperly
8  rejected additional evidence she submitted for the SSA's consideration after the ALJ rendered his
9  decision.

10  Because the Court concludes that the Appeals Council should have considered the newly
11  submitted evidence, the Court **GRANTS** Ms. Baker's motion for summary judgment and
12  **DENIES** the Commissioner's cross-motion for summary judgment.  The Court further
13  **REMANDS** the case to the agency for further proceedings consistent with this opinion.

## II.   FACTUAL & PROCEDURAL BACKGROUND

As noted above, on February 24, 2012, Ms. Baker applied for SSI benefits, asserting both mental and physical impairments.  The ALJ rejected her claim for benefits, applying the five-step sequential evaluation process provided for by 20 C.F.R. § 416.920.

> "Step one disqualifies claimants who are engaged in substantial gainful activity from being considered disabled under the regulations. Step two disqualifies those claimants who do not have one or more severe impairments that significantly limit their physical or mental ability to conduct basic work activities. Step three automatically labels as disabled those claimants whose impairment or impairments meet the duration requirement and are listed or equal to those listed in a given appendix. Benefits are awarded at step three if claimants are disabled. Step four disqualifies those remaining claimants whose impairments do not prevent them from doing past relevant work. Step five disqualifies those claimants whose impairments do not prevent them from doing other work, but at this last step the burden of proof shifts from the claimant to the government. Claimants not disqualified by step five are eligible for benefits."

*Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003).

---

[2] Although Ms. Baker initially claimed both mental and physical impairments, Ms. Baker's appeal focuses on her mental impairments only.

1    In the instant case, the ALJ made the following rulings regarding the five steps.

2    First, the ALJ found that Ms. Baker's earning records establish that she has not engaged in any substantial gainful activity. AR 33. Second, the ALJ determined that Ms. Baker had the following severe impairments: nonspecified mood disorder, PTSD, and alcohol and cocaine dependence in reported remission. AR 33. Third, the ALJ concluded that Ms. Baker's impairments did not meet or equal any of the listed impairments. AR 33-35. Fourth, the ALJ found that Ms. Baker has the RFC "to perform a full range of work at all exertional levels, but with the following nonexertional limitations: she is limited to performing simple, repetitive tasks." AR 35. The ALJ also determined that Ms. Baker has no relevant past work. AR 35. Finally, the ALJ concluded that, based on Ms. Baker's age, education, work experience, and RFC, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." AR 40.

### III.  DISCUSSION

As noted above, although Ms. Baker's motion raises several arguments, the Court need only address her last argument – *i.e.*, that the Appeals Council improperly rejected evidence submitted after the ALJ rendered his decision.[3]

The ALJ issued his decision on July 22, 2014. In his decision, the ALJ stated that Ms. Baker was not disabled from February 24, 2012 (*i.e.*, the date she applied for benefits) to the date of decision. AR 41.

Subsequently, Ms. Baker asked the Appeals Council to review the ALJ's decision and, in support, she submitted new evidence. That evidence was not previously considered by the ALJ

---

[3] The Commissioner argues that "the Appeals Council's decision denying [Ms. Baker's] request for review is itself unreviewable by [this Court]." "When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). This argument, however, misses the point. Ms. Baker "is not arguing that the Appeal Council's decision to deny [her] request for review should be reversed." *Id.* Rather, Ms. Baker is asserting that the Appeals Council should have considered new evidence but failed to do so. "When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision is . . . subject to judicial review because it amounts to an error of law." *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *see also Taylor*, 659 F.3d at 1232 (taking note of Commissioner's concession that a court does have authority to review such a claimed error).

3

because it was not generated until after the ALJ's decision. The evidence consisted of the following:

- Psychiatric records from the Schuman Liles Clinic, dated September 2014, October 2014, November 2014, and January 2015. Docket No. 15-1.
- A Medical Impairment Questionnaire completed by Dr. Celick, dated April 2015. Docket No. 15-2.

The Appeals Council denied Ms. Baker's request for review. Regarding the new evidence, the Appeals Council stated as follows:

> We also looked at records from Schuman-Liles Clinic, Inc. dated September 20, 2014 to January 9, 2015 and a Mental Impairment Questionnaire completed by Ira Calick [sic], M.D., dated April 21, 2015. The Administrative Law Judge decided your case through July 22, 2014. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before July 22, 2014.

AR 2.

A.  <u>New and Material Evidence</u>

Title 20 C.F.R. § 416.1470(b) provides that, "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1470(b). In the instant case, the evidence is new and material.

Evidence is new if it is not duplicative or cumulative. *Meyer v. Astrue*, 662 F.3d 700, 704-05 (4th Cir. 2011). Evidence can also be new if not available when the ALJ made their decision. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Dr. Celick's report is new because it is not duplicative or cumulative; his opinion represents the only opinion of a treating doctor as to Ms. Baker's functional limitations. The Schuman Liles Clinic records are new because they document clinical visits that occurred after the ALJ's decision. The records were therefore not available to the ALJ prior to his decision.

Evidence is material "if it relates to the claimant" and if there is "a reasonable possibility that the new evidence would have changed the outcome." *Meyer*, 662 F.3d at 704-05 (internal quotation marks omitted). As to materiality, the Court takes into account that Dr. Celick, a

4

1    treating physician since 2012, opined that Ms. Baker has marked limitations in her ability to:
2    maintain concentration for two hour segments; to interact appropriately and get along with others;
3    and to complete a normal workday without psychologically based interruptions. These
4    conclusions are material because they support the opinions of examining Doctors Fetterman and
5    Franklin, to which the ALJ gave little weight, and because they conflict with the non-examining
6    state agency opinions to which the ALJ gave great weight. The non-examining state agency
7    Doctors Wong and Jacobs found Ms. Baker has only a moderate impairment in her ability to
8    maintain concentration and to complete a normal workday without psychologically based
9    interruptions. Doctors Wong and Jacobs also concluded that Ms. Baker is not significantly limited
10   in her ability to work in coordination with others without being distracted. In contrast, Dr.
11   Franklin determined that Ms. Baker has the same marked impairments that Dr. Celick found. Dr.
12   Fetterman's report likewise concluded that Ms. Baker had a poor ability to interact with coworkers
13   and the public, and to complete a normal workday without mental health interruptions. If credited,
14   the inclusion of Dr. Celick's report would mean that a treating doctor and two examining doctors
15   found Ms. Baker has more severe limitations than the non-examining doctors found. Because Dr.
16   Celick's treating opinion is given greater weight, *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir.
17   1987), there is a reasonable possibility that its inclusion would have changed the ALJ's resolution
18   of the conflicting evidence, and therefore the outcome.
19        The Schuman Liles Clinic records are material for two reasons. First, they undermine the
20   ALJ's conclusion that Ms. Baker is not entirely credible. The ALJ discounted Ms. Baker's
21   credibility in part because one doctor noted that Ms. Baker had not been compliant with
22   medication. Records from Ms. Baker's four visits to the Clinic, which occurred shortly after the
23   ALJ's decision, document repeated compliance with prescribed medication. Clinic records tend to
24   cast some doubt on the ALJ's reliance on a finding that Ms. Baker's noncompliance with
25   treatment indicates her symptoms were not as serious as alleged. Docket No. 15-1, p. 2-3, 7-8, 11-
26   12. As a result, this new evidence could impact the ALJ's RFC assessment and therefore the
27   ultimate disability determination. Second, the treating physicians at the Schuman Liles Clinic
28   assessed Ms. Baker with a GAF score of 45, which suggests more serious impairments than those

5

found by non-examining Doctors Wong and Jacobs, and corroborates the opinions of Doctors Franklin and Fetterman that were discounted by the ALJ.  Taken together, there is a reasonable possibility the inclusion of the clinic records would have changed the outcome.

B.  <u>Relate to the Period on or Before ALJ Hearing</u>

The remaining question for the Court is whether the Appeals Council correctly concluded that the evidence did not "relate[] to the period on or before the date of the [ALJ] hearing decision." *Id.*

Under well-established case law, evidence dated *after* an ALJ's decision can still be related to the period *before* the ALJ's decision.  *See, e.g.*, *Martinez v. Astrue*, No. 12-cv-02997-JCS, 2014 U.S. Dist. LEXIS 10534, at \*59-60 (N.D. Cal. Jan. 28, 2014) (indicating that evidence dated after an ALJ's decision can still be related to the period before the ALJ's decision); *Taylor*, 659 F.3d at 1232-33 (finding the Appeals Council erred by not considering an opinion dated after the ALJ's decision because it concerned the doctor's assessment of the claimant's mental health before the ALJ's decision); *accord Meyer*, 662 F.3d at 703-04 (accepting evidence the Appeals Council considered that post-dated the ALJ's decision).  Having considered the contents of the evidence submitted by Ms. Baker, the Court concludes that both Dr. Celick's statement and the Clinic records are related to the period before the ALJ's decision, and thus the Appeals Council committed legal error.

Dr. Celick's statement is clearly related to the period before the ALJ's decision.  Dr. Celick's statement reflects that he has been treating Ms. Baker monthly since 2012 (*i.e.*, well before the ALJ's July 2014 decision).  Dr. Celick's statement also indicates that he has diagnosed Ms. Baker with schizophrenia, a diagnosis previously made before the ALJ's decision, and that the approximate onset date of this condition is at least April 2014 (again, before the ALJ's July 2014 decision).  Dr. Celick's statement also identified Ms. Baker as suffering from, *inter alia*, the following symptoms: mood disturbance, feelings of guilt or worthlessness, emotional withdrawal, and hallucinations or delusions.  Docket No. 15-2, p. 3.  The record documents that at some point before the ALJ's decision, Ms. Baker has suffered from all of these symptoms.  Given these circumstances, the Appeal Council could not fairly conclude that Dr. Celick's statement concerned

1  a time *after* the ALJ's decision. *Cf., e.g.*, *Taylor*, 659 F.3d at 1232 (concluding that psychiatric
2  evaluation from 2006, though dated after claimant's disability insurance coverage had expired in
3  2004, was still related to the insurance coverage period; the evaluation indicated that the "medical
4  assessment encompassed the period from the date of disability onset in August 1999, around the
5  time of [claimant's] work-related injury, until the date of his evaluation" and claimant had
6  insurance coverage between 1999 and 2004).

7  Though a closer question, the Court also concludes that the records from the Schuman
8  Liles Clinic also relate to the period before the ALJ's July 2014 decision. A medical opinion
9  rendered after an ALJ's decision can still relate to the period before the ALJ's decision where the
10 opinion discusses impairments diagnosed before the hearing date. For example, in *Palomares v.*
11 *Astrue*, 887 F. Supp. 2d 906 (N.D. Cal. 2012), the district court acknowledged that a medical
12 opinion was written after the ALJ's decision but still concluded that it related to the period before
13 the ALJ's decision "[b]ecause the opinion discusses [the claimant's] ongoing shoulder problems
14 and other impairments that had been diagnosed before the hearing date." *Id.* at 913 (also noting
15 that the authoring doctor had been regularly treating the claimant for approximately a year before
16 the decision and her opinion was "consistent with the treatment records that had been a part of the
17 record at the time the ALJ made his decision"). Similarly, in *Williams v. Sullivan*, 905 F.2d 214
18 (8th Cir. 1990), the Eighth Circuit found that a psychiatrist's report filed after the ALJ's decision
19 related back because the report stated that the patient had "suffered from chronic mental illness
20 since her early adult hood [sic]." *Id.* at 215-16; *see also Cunningham v. Apfel*, 222 F.3d 496, 499
21 n.3 (8th Cir. 2000) (noting that, although examination took place "after the date of the ALJ's
22 decision, doctor's notes indicate that the condition had been ongoing for several years" and
23 "[e]arlier records support the conclusion").

24 Here, the Schuman Liles Clinic records address mental impairments such as depression
25 and psychosis, which were the same kinds of impairments for which Ms. Baker was treated before
26 the ALJ's decision. The Clinic reported that Ms. Baker has a psychiatric history of
27 "schizophrenia," "bipolar" disorder, and "PTSD." Baker's SSI claims are based upon bipolar
28 disorder, PTSD and depression, and the record is replete with diagnoses of the same mental

7

conditions. There is likewise no reason to believe the symptoms described in the Clinic records were newly developed. *See Jones v. Sullivan*, 804 F. Supp. 1398, 1404 (D. Kan. 1992) (finding an examining doctor's opinion rendered after the ALJ hearing related back when nothing indicated the symptoms were newly developed). Admittedly, it does not appear that the Clinic doctors themselves treated Ms. Baker prior to the ALJ's decision; however, that does not detract from the fact that the impairments for which the Clinic doctors did provide treatment appear to be *ongoing* impairments – *i.e.*, a continuation of the impairments from the relevant period. *See Taylor*, 659 F.3d at 1232-33 (finding new evidence relates to before the ALJ's decision when the new evidence concerns the same ongoing impairments present before the ALJ's decision); *Cunningham*, 222 F.3d at 502; *Williams*, 905 F.2d at 216 (same); *Palomares*, 887 F. Supp. 2d at 913 (same). Finally, her compliance with treatment observed by the Clinic was close enough in time as to provide probative evidence of her behavior before the ALJ hearing.

Accordingly, the Court concludes that the Appeals Council erred in finding that the new evidence – both Dr. Celick's statement and the Clinic records – was not related to the period before the ALJ's decision.

C.  Harmless Error

In its argument to this Court, the Commissioner contends that, even if the Appeals Council erred, summary judgment in favor of Ms. Baker would nevertheless be inappropriate because that error would not change the outcome – *i.e.*, the SSA would still deny Ms. Baker benefits. In this regard, the Commissioner contends, *inter alia*, that the opinions of Dr. Celick would be given no weight because they were conclusory and unsupported.

This position is problematic. First, the Court cannot affirm the decision of the SSA on a ground that the agency did not rely in reaching its decision. *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006); *Pinto v. Massanari*, 249 F.3d 840, 847–48 (9th Cir. 2001). Second, for the reasons discussed above, the new evidence is material and thus could well have impacted the outcome of the proceedings. Moreover, Dr. Celick's statement, although conclusory, cannot at this point be jettisoned without a fuller development of the record. The administrative record, as it now stands, contains no

underlying medical records from Dr. Celick, even though he claims to have treated her monthly since 2012. The Commissioner has a duty to develop the record. *See McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (noting that the duty to develop the record is triggered when there is ambiguous evidence or "the record is inadequate to allow for a proper evaluation of the evidence"); *see also Sims v. Apfel*, 530 U.S. 103, 111 (2000) (plurality) ("It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . and the Council's review is similarly broad."). This duty requires the Commissioner to make an initial request for evidence from the medical source, and if no evidence is received within twenty calendar days, to make one follow up request. 20 C.F.R. § 404.1512(d)(1). Here, the absence of underlying medical records from a known treating doctor renders the record inadequate because of the conflicts in testimony discussed above, and because Dr. Celick is the only treating opinion in the record.

The Court therefore rejects the Commissioner's harmless error argument and instead remands this case to the agency for further proceedings consistent with this opinion.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Ms. Baker's motion for summary judgment and denies the Commissioner's. The Court further remands the case to the agency for further proceedings consistent with this opinion. The agency shall address, in the first instance, whether Ms. Baker is entitled to benefits based on the full record, which includes the new evidence submitted after the ALJ's decision.

This order disposes of Docket Nos. 15 and 17.

**IT IS SO ORDERED**.

Dated: October 7, 2016

_____
EDWARD M. CHEN
United States District Judge

9